UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-14242-CIV-MARRA/LYNCH

UNITED STATES OF AMERICA

    Plaintiff

vs.

THIRTY THOUSAND AND TWENTY-
NINE ($30,029.00) DOLLARS IN
UNITED STATES CURRENCY

    Defendant.
_____/

## ORDER GRANTING MOTION TO STRIKE AND ENTERING DEFAULT JUDGMENT

THIS CAUSE is before the Court upon the United States' Renewed Motion to Strike Verified Claim and Answer of Ignacio Baltazar [DE 42] and Enter Default Judgment [DE 43].  No response was filed.  This is the United States' third motion for default judgment.  On May 11, 2006, the Court denied the government's first motion for default without prejudice [DE 12].  On October 27, 2006, the Court denied the government's second motion to strike and for default judgment [DE 19].  The Court has given the the claimant Ignacio Baltazar ("Baltazar" or "Claimant") every opportunity to provide the information concerning his claimed interest in the defendant currency.  Claimant has consistently failed to follow this Court's Orders and directions at every stage of this case.  Under the facts of this case, the renewed motion should be granted.

On August 16, 2005, Plaintiff filed a Verified Complaint for Forfeiture *In Rem* against the defendant, Thirty Thousand and Twenty-Nine ($30,029.00) Dollars in United States Currency (the "defendant currency") [DE 1]. The Court excused Baltazar's late "Claim and Answer"[1] and deemed his affidavit and response sufficient to satisfy the mandates of Rule C(b). *See* DE 19. Subsequently, the Court granted a motion to compel filed by the government and held as follows:

> The government sent a Request for Production of documents to Baltazar with a cover letter explaining that the government is entitled to request documents relating to Baltazar's claim to the currency. Plaintiff's requests go to the source of the cash that was used by Baltazar to purchase the narcotics that were being sold, the source and ownership of the currency, and the interest of any other individuals in the currency. These questions are relevant and essential to Baltazar's ability to assert a property interest in the defendant currency. In addition, these issues are central to the case because Baltazar has asserted that the money in his possession was not related to the narcotics transaction to which Baltazar pled guilty, but purportedly was from his employment.
>
> Instead of responding to the request for production by providing the government with the documents requested, Baltazar filed an

---

[1] On May 11, 2006, the Court denied the government's first motion for default without prejudice [DE 12]. The Order directed that if Baltazar wished to contest the forfeiture action, he must file a verified claim and answer on or before June 26, 2006. On June 19, 2006, Baltazar filed a document styled, "A VERIFIED CLAIM AND ANSWER TO COURT'S ORDER DATED MAY 11, 2006 WAS TIMELY FILED ON JUNE 14, 2006" [DE 11]. The contents of the document show that Baltazar did not file a claim and answer as directed by the Court but rather continued to argue that he was not served with notice of the proceedings. The government responded by filing its second motion to strike and for default judgment [DE 14] and then Baltazar filed, on August 11, 2006, an affidavit "drawn under the penalty of perjury laws of United States of America pursuant to 28 USC § 1746" [DE 15] and a response to the Motion to Strike which presented a "claim" [DE 16].

affidavit with the Court averring that he was legitimately employed from 1996 through 2004, that he filed several income tax returns prior to his incarceration and that the money is not "entwined with any drugs or drug proceeds." *See* DE 27.

Upon receiving Baltazar's response, the Assistant United States Attorney ("AUSA") sent another letter dated February 26, 2007, to Baltazar requesting that he send the requested documents within ten days of the date of the letter. That deadline was March 8, 2007. The letter also advised him of the possible ramifications under Rule 37 for his failure to comply with or participate in discovery.

Baltazar has failed to provide any employment or tax records to the government. Baltazar complains that he does not have access to his tax returns and other records, that the government is in a better position to secure his tax returns, or the court should issue a subpoena to the IRS. Baltazar's assertion that he cannot access his records is without any support. At no time has Baltazar demonstrated that he has made any attempt to obtain any records from any source, family, employer or otherwise.

Federal income tax returns or information as to the lack thereof are not accessible to the United States in a civil proceeding unless the claimant provides them or signs an IRS waiver and authorizes their release to the plaintiff. In order to facilitate claimant's ability to obtain his tax returns, on April 9, 2007, the AUSA sent IRS Form 4506 to Baltazar with a cover letter explaining that he can obtain copies of his tax returns by submitting IRS Form 4506 to the Internal Revenue Service. On May 9, 2007, the AUSA sent another cover letter and IRS Form 4506-T.

On May 22, 2007, the AUSA states that Baltazar sent to the United States copies of the two request forms that had been attached to the government's response to Baltazar's motion to compel the government to pay for the cost of obtaining his tax returns. Neither form was filled out with the name of the claimant or his social security number. The forms were signed at the bottom and sent back to the U.S. Attorneys Office.

On June 26, 2007, Baltazar filed a notice representing that "all appropriate measures regarding the requested income tax return for

> 2003 and 2004 has been completed and furnished to the clerk of this court and a copy to the office of the U.S. Attorney." DE 33 at 2. Nothing was attached to the notice showing that the documents were sent to the IRS.
>
> It appears that instead of following the instructions provided in cover letters and on the forms themselves directing Baltazar to send the document to the Internal Revenue Service, Baltazar merely signed the forms and sent them to the AUSA. The AUSA reports that as of June 28, 2007, she has not received any tax returns or return transcripts. The government's Motion to Compel will be granted.

Omnibus Order, DE 37 at 3-6.

This Omnibus Order directed Baltazar to fill out Form 4506-T and send it to the Internal Revenue Service ("IRS") on or before August 20, 2007, in order to obtain copies of the tax returns that the Claimant alleged he had filed. Pursuant to the Omnibus Order, failure to do so would result in the Claimant's claim and answer being stricken. *See* DE 37 at 8.

After the August 20, 2007 deadline, Claimant filed for a 30-day extension to obtain the information from his former employers. Claimant represented to the Court that he had sent the forms to his alleged former employers, Evans Farm and Duda Farm, not to the the IRS. The Court denied the motion as Claimant provided no explanation or justification for ignoring the Court's order which gave him additional time to send the form to the IRS. *See* DE 45.

Baltazar has made unsubstantiated claims of having worked, but he has not provided enough information about his employers to assist the government in verifying his representations. The Claimant originally stated in an affidavit filed with

the Court that he had been employed with Duda Company in Fort Pierce, Florida, and Evans Farms Company in Florida.  *See* DE 27.  Claimant provided no addresses or locations.  Special Agent Nick Kent researched contact information for the companies.  *See* DE 40 at 2-3.  He was successful in finding contact information for both companies and spoke to representatives of both companies.  The representatives had no records showing that an Ignacio Baltazar had been employed by their companies.  Later Special Agent Kent recontacted each alleged employer because Claimant stated that he had sent the form to his former employers.  Again, both company representatives denied having received correspondence from the Claimant.  *Id*.

The United States reports that to date it has not received copies of any filed tax returns from either the Claimant or from the IRS.  There is nothing in the Court file demonstrating that Claimant ever complied with this Court's Omnibus Order directive.  Despite the passage of almost ten months since the Court compelled Baltazar to substantiate his claim that the currency was not "entwined with any durgs or durg proceeds," *nothing* has been submitted to the Court by Claimant.  Baltazar was warned that refusal to provide this discovery would result in his claim and answer being stricken.

Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure specifically authorizes a district court to strike pleadings or enter a default judgment against a party as a sanction for failing to comply with a discovery order.  Fed.R.Civ.P. 37(b)(2)(C).  This

Court has broad discretion in imposing Rule 37 sanctions.  *United States v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997); *see also BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir. 1994).  However, "this discretion is not unbridled."  *Wouters v. Martin County*, 9 F.3d 924, 933 (11th Cir. 1993).  In particular, "[t]he decision to dismiss a claim or enter default judgment 'ought to be a last resort - ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.'"  *Certain Real Property Located at Route 1, Bryant, Ala.,* 126 F.3d at 1317, quoting *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986).

A review of the filings in this case indicates that Baltazar has shown a willful disregard for the Orders of this Court and, as a result, has acted in bad faith.  In particular, he has willfully disobeyed this Court's order compelling him to fill out a form provided to him by the government and submit it to the IRS.  His bad faith is underscored by his consistent failure to follow instructions and his attempt to disguise his non-compliance.  Instead of sending the form to the IRS, he asserts at one point that he sent the form to his former employers.  *See* DE 38.  Later, he sent the form to the AUSA.  The form was not filled out with Claimant's name or social security number, but was signed.  *See* DE 33.

For flagrant disregard and willful disobedience of this Court's Order, Baltazar's claim and answer are stricken.  *See Certain Real Property Located at Route 1, Bryant, Ala.,*126 F.3d at 1317; *United States v. One 2004 Mercedes Benz SL55K AMG,*

2007 WL 1760874, *2 (E.D. Mich. 2007); *U.S. v. $9,040 in U.S. Currency,* 123 Fed.Appx. 219 (6th Cir. 2005) (default judgment of forfeiture based on claimants' refusal to provide discovery).  According, it is hereby

**ORDERED AND ADJUDGED** that the United States' Renewed Motion to Strike Verified Claim and Answer of Ignacio Baltazar [DE 42] and Enter Default Judgment [DE 43] is **GRANTED**.  Because no claim or answer has been filed within the time fixed by law and the allegations of the complaint are taken as admitted, it is hereby

**ORDERED AND ADJUDGED** that default judgment be and the same is hereby entered against Ignatio Baltazar.  Any right, title or interest in or to the defendant thirty thousand and twenty-nine dollars ($30,029.00) in United States currency is held in default and any right, title or interest of Ignatio Baltazar is hereby terminated.  Any interest of Ignatio Baltazar as to the defendant thirty thousand and twenty-nine dollars ($30,029.00) in United States currency is hereby forfeited to the United States.  This case is CLOSED.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of May, 2008.

KENNETH A. MARRA
United States District Judge

copies to:

Antonia J. Barnes, AUSA (WPB)

Ignacio Baltazar
#74996-004

M.V.C.C.
P.O. Box 2000
Philipsburg, PA 16866